

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00020-CR

PATRICIA ANN ADAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Foard County, Texas
Trial Court No. 1296, Honorable Dan Mike Bird, Presiding

September 18, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK, J., and BOYD, S.J.[1]

Appellant, Patricia Ann Adams, appeals her conviction for possessing a controlled substance. Through a single issue, she contends that the trial court's decision to overrule her objections to hearsay statements uttered by her daughter violated the Confrontation Clause encompassed within the Sixth Amendment to the United States Constitution. The decision on whether the statements at issue were rendered inadmissible due to the Confrontation Clause was addressed via a pretrial

---

[1] Senior Justice John T. Boyd, sitting by assignment.

hearing. Therein, the trial court heard evidence from several witnesses and subsequently concluded that the statements would be admissible at trial. It so ruled after finding that appellant had forfeited the constitutional right due to her preventing the girl from testifying. Assuming *arguendo* the trial court erred in denying appellant's pretrial attack upon the admissibility of the hearsay testimony, the error was harmless. We affirm the judgment.

A criminal defendant has a Sixth Amendment right to be confronted with the witnesses against him; that is, to physically confront his accusers face-to-face. *Crawford v. Washington*, 541 U.S. 36, 57, 124 S.Ct. 1354, 1370, 158 L.Ed.2d 177 (2004); *Johnson v. State,* 433 S.W.3d 546, 551 (Tex. Crim. App 2014); *Gonzalez v. State*, 195 S.W.3d 114, 116 (Tex. Crim. App. 2006). When applicable, the Amendment bars the admission of out-of-court statements by a declarant whom the criminal defendant has been unable to confront. *Gonzalez v. State,* 195 S.W.3d at 116; *accord, Langham v. State*, 305 S.W.3d 568, 575-76 (Tex. Crim. App. 2010) (stating that out-of-court statements offered against the accused that are testimonial in nature are objectionable under the Constitution unless the prosecution can show that the declarant is presently unavailable to testify in court and the accused had a prior opportunity to cross-examine him).

Here, after the trial court ruled as it did at the pretrial hearing, appellant accepted a plea bargain with the State. As a result of that bargain, she entered an open plea to a lesser included offense.[2] The record does not reflect that anything said by appellant's daughter was admitted at the proceeding wherein appellant uttered her guilty plea or

---

[2] And, though appellant represents in her brief that the trial court's pretrial ruling influenced her decision to enter an open plea to a lesser offense, she cited us to nothing of record supporting that assertion.

was considered by the trial court in accepting that plea. More importantly, the plea did not end the proceeding.

The trial court subsequently convened a trial on the issue of punishment. During that proceeding, allusion was made to the girl's statements. However, the girl (that is, the declarant of the statements in question) was not only present at the punishment hearing but also testified. So too did appellant's legal counsel examine her. Given those circumstances, it cannot be said that reference to the girl's out-of-court statements denied appellant her right to confront her daughter. The daughter was available for and subjected to cross-examination.

Furthermore, the State presented testimony of another witness who described how he personally secured the drugs at issue from appellant's dresser drawer and delivered them to law enforcement personnel. It also presented testimony from law enforcement personnel disclosing that when the drugs were presented to appellant she replied "what are you doing in my house." The admissibility of that evidence is not attacked on appeal. More importantly, it rather conclusively illustrates both appellant's awareness of the drugs and her exercise of custody, care and control over them.

Simply put, appellant had the opportunity to examine the declarant when her purportedly hearsay statements were admitted at the trial. So, there was no denial of any right to confront at that time. The State also had overwhelming evidence of appellant's guilt aside from the hearsay statements. This is of import because the suggestion that the hearsay would have been tendered as evidence at the guilt/innocence phase of the trial had appellant not entered an open plea of guilty is mere speculation. Just because a prosecutor may indicate before trial that certain

3

evidence would be used does not obligate the prosecutor to actually use that evidence. Nor does it require us to infer that the evidence would have been used to establish guilt. Indeed, the State is free to unilaterally develop and change its trial strategy. If an aspect of that strategy leads the defendant to plead guilty, that is the defendant's option. The plea only binds the State to abide by the plea, nothing else. So, given the record before us, we can say, beyond reasonable doubt, that the trial court's pretrial ruling did not contribute to appellant's conviction or punishment.

Accordingly, the judgment is affirmed.

Per Curiam

Do not publish.